UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIKKI M BROWN,

        Plaintiff,

        v.                                         Case No. 21-cv-0454-bhl

JOHNSONVILLE SAUSAGE LLC,

        Defendant.

## SCREENING ORDER

On April 9, 2021, *pro se* plaintiff Rikki Brown filed a complaint alleging unlawful retaliation by his employer, Johnsonville Sausage LLC, along with a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2.) Pursuant to 28 U.S.C. §1915, the Court may permit a person to proceed without prepaying the filing fee if that person so requests and "submits an affidavit that includes a statement of all assets … [showing] that the person is unable to pay such fees." 28 U.S.C. §1915(a)(1). Based on Brown's financial information as stated in his request to proceed *in forma pauperis*, the Court will grant the motion. However, in any case in which the Court permits a plaintiff to proceed *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). To state a claim, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Brown brings a claim for unlawful retaliation against his employer. "To state a claim for retaliation under Title VII, a plaintiff must allege that he 'engaged in statutorily protected activity' and suffered an adverse action 'as a result of that activity.'" *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (quoting *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015)). In his complaint, Brown states that he "engaged in protected activity when [he] filed a charge of discrimination" and that he was subsequently terminated by his employer "for an error which others routinely make without consequence."

(ECF No. 1 at 2.) Because "pleading standards for pro se plaintiffs are considerably relaxed," *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), these allegations are sufficient to state a claim for retaliation. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**. Pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshal's Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this Order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Although Congress requires this Court to order service by the U.S. Marshal's Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshal's Service.

**IT IS FURTHER ORDERED** that defendant shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that on or before **June 28, 2021** Brown must file a complete copy of the charging documents filed with the EEOC regarding his retaliation claim so the Court can determine whether his administrative remedies have been exhausted.

Dated at Milwaukee, Wisconsin on June 14, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge